IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRYANT ELLIOTT DAVIDSON, #320951<br>aka BRYANT ELLIOTT DAVIS<br>Plaintiff, | *<br><br>* |
| v. | *   Civil Action No. WDQ-07-1812 |
| CLERKS OFFICE FOR THE CIRCUIT<br>COURT FOR HOWARD COUNTY<br>Defendant. | *<br><br>*<br>****** |

## MEMORANDUM

In this 42 U.S.C. § 1983 action, Plaintiff alleges that his constitutional rights were violated during state court criminal proceedings by the Clerks Office for the Circuit Court for Howard County, Maryland. Paper No. 1. Because he appears indigent, Plaintiff shall be granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court concludes that dismissal is appropriate.

Plaintiff asserts that after his petition for post-conviction relief was denied he filed an application for leave to appeal to the Court of Special Appeals of Maryland. The application was denied. Plaintiff states that the Clerk's Office of the Circuit Court for Howard County, Maryland violated his constitutional rights in failing to have the transcript of his post-conviction proceedings prepared. He states that the transcript was necessary for appellate review of his application for leave to appeal. Paper No. 1.

Plaintiff does not state that he requested or paid for the transcript to be prepared, nor does Plaintiff state that a judge of the Circuit Court ordered that the transcript of the post-conviction proceedings be prepared. Under Maryland law, transcripts of both the original and post-conviction proceedings are not required to be included an application for leave to appeal the denial of post-

conviction relief. *See Harring v. Warden*, 187 A.2d 862 (Md. 1963); *see also* Md. Rule 4-808. Under the Maryland Rules, all that is required to constitute the record on an application for leave to appeal the decision of the post conviction court is: the petition, the State's Attorney's response, any subsequent papers filed in the proceeding, and the statement and order required by Maryland Rule 4-407[1]. *See* Md. Rule 8-204(c). Under *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982), the defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." Judges are entitled to such immunity. *See Stump v. Sparkman*, 435 U.S. 349 (1978). Court clerks enjoy derivative absolute immunity when they are acting pursuant to a judicial order or under the court's direction. *See McCray v. Maryland* 456 F.2d 1, 5 (4th Cir. 1972). Given Plaintiff's factual allegations, Defendant is immune from suit because the Clerk's Office acted in compliance with the Maryland Rules and was not in contravention of any court order. Accordingly, the Complaint must be dismissed.

A separate order follows.

7/2/1/-1
Date

William D. Quarles, Jr.
United States District Judge

---

[1] Maryland Rule 4-407 provides that the post conviction "judge shall prepare and file or dictate into the record a statement setting forth separately each ground upon which the petition is based, the federal and state rights involved, the court's ruling with respect to each ground, and the reasons for the action taken thereon." The rule further provides that the statement be accompanied by an order and if the petitioner is granted relief the order "may provide for rearraignment, retrial, custody, bail, discharge, correction of sentenc,e or other matters that may be necessary and proper."